PEOPLE ex rel. STEPHENSON v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

MUNICIPAL CORPORATIONS (§ 185*) — POLICE — VIOLATION OF RULE OF DEPARTMENT—DISMISSAL.

> Violation by a captain of police of rule 7, par. A, of the New York police department, providing that each captain shall frequently visit portions of the precinct at uncertain hours of the day and night, by habitually failing to make inspection between midnight and 8 a. m. and persistently remaining away from his precinct during such hours, was proper ground for dismissal from the force.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 492; Dec. Dig. § 185.*]

Certiorari by the People, on the relation of John T. Stephenson, against Theodore A. Bingham, Commissioner of the Police Department of the City of New York. Writ dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis O. VanDoren, for relator.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly, of counsel and Terence Farley, on the brief), for respondent.

CLARKE, J. The relator who was a captain of police in charge of the 184th precinct, the Williamsburg Bridge, was charged with conduct unbecoming a captain of police, conduct injurious to good order and discipline, neglect of duty, and violation of the rules. The first specification was that he did fail and neglect to visit portions of the 184th precinct at uncertain hours of the day and night, and especially between and during the hours of 12 midnight and 8 a. m., each day during the periods from November 21, 1907, to December 5, 1907, from December 13, 1907, to May 18, 1908, and from May 20, 1908, to July 9, 1908, and this in violation of rule 7, paragraph A, of the rules and regulations of the police department. Second. That he did fail and neglect to assure himself of the proper maintenance of good order and discipline and the proper performance of patrol duty by the members of the force detailed in the 184th precinct each day, during and between the hours of 12 midnight and 8 a. m., during the periods of time mentioned, and did absent himself from the 184th precinct between the hours of 12 midnight and about 7:30 a. m. each day during said periods of time.

Rule 7, paragraph A, is as follows:

"Each captain shall be held responsible for the preservation of the peace and the prevention of crime within his precinct, and shall enforce all orders, rules and regulations established for the good government of the same. He shall frequently visit portions of the precinct at uncertain hours of the day and night. * * *"

The purpose of the rule is obvious. The captain of a precinct is responsible for the vigilance, efficiency, and discipline of his command. To insure the proper performance of police duty, he is personally re-

---

quired to visit portions of his precinct at uncertain hours of the day and night. This duty cannot be evaded, nor the performance of it delegated. The knowledge by the force that the commanding officer is liable to appear at any time is a powerful incentive to vigilance. On the contrary, the practical certainty that for a given number of hours each night there is no danger of inspection by the captain is a direct invitation to careless, lax, and inefficient patrol.

The evidence is conclusive that during the time covered by the specifications the relator habitually violated the rule by making no inspections during the hours of the night specified and persistently remained away from his precinct. The relator had a fair trial, the rule was plain and well known to him, and the facts are not disputed. A reversal of the decision of the commissioner under such circumstances would be destructive of the discipline and morale of the force.

The writ should be dismissed, and the proceedings affirmed, with $50 costs and disbursements. All concur.